UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,

vs.

MARTINEZ DISTRIBUTORS CORP.
d/b/a Martinez Distributors and
MARTINEZ INVESTMENT GROUP LLC

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Martinez Distributors Corp. doing business as the Martinez Distributors store at 7379 NW 31st Street and Defendant Martinez Investment Group LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a tester to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Martinez Distributors Corp. (also referenced as "Defendant Distributors Corp," "operator," or "lessee") is a Florida for profit corporation which is a privately held foodservice distributor. Defendant Distributors Corp is the owner and operator of two[1] Martinez Distributors stores including the store located at 7379 NW 31st Street, Miami, Florida 33135 which is the subject of this instant action.

6. Defendant Martinez Investment Group LLC (also referenced as "Defendant Investment Group," "lessor," or "owner"), is a Florida limited liability company which is the owner of real property located at 7379 NW 31st Street, Miami, Florida 33122-1240, more fully identified as Folio 30-3026-013-0060. Defendant's Vista's real property is built-out as a specialty food market.

## FACTS

---

[1] The second location is 3080 NW 784th Avenue, Miami Florida 33122, see Miami Dade personal property folio number 40-056569 and as identified in the website https://ww.mdist.us

7. At all times material hereto, Defendant Investment Group's real property has been leased to Defendant Distributors Corp. The lessee in turn has operated its Martinez Distributors store within that leased space.

8. The Martinez Distributors store brand is a specialty food store chain with two locations located within the district. Martinez Distributors stores sell produce, meat, seafood, deli goods, dairy items and condiments. Martinez Distributors stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Martinez Distributors store located at 7379 NW 31st Street, Miami which is the subject of this complaint is also referenced as "Martinez Distributors store," "Martinez Distributors store at 7379 NW 31st Street," "specialty food store," "store," or "place of public accommodation."

9. At all times material hereto, Defendant Distributors Corp was (and is) a company owning and operating specialty food stores under the "Martinez Distributors store" brand which are open to the public. Each of Defendant's specialty food stores (including the Martinez Distributors store at 7379 NW 31 Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of specialty food stores which are open to the public, Defendant Distributors Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a food store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity of Plaintiff's home to the 7379 NW 31st Street Martinez Distributors specialty food store, on February 27, 2022 Plaintiff went to that store

3

with the intent of purchasing groceries and testing the subject property for compliance with the ADA/ADAAG.

12. When parking within the parking lot provided for the Martinez Distributors store and perambulating to the store, Plaintiff encountered areas of inaccessibility which were/are also non-ADA compliant. Later, while shopping and testing for ADA/ADAAG complaince, Plaintiff went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments Plaintiff encountered when patronizing/testing the Martinez Distributors store, Plaintiff has been denied full and equal access by the operator of the Martinez Distributors store (Defendant Distributors Corp) and by the owner of the commercial property which houses that store (Defendant Investment Group).

14. Defendant Distributors Corp owns and operates two Martinez Distributors stores; therefore, Defendant Distributors Corp is aware of the ADA and the need to provide for equal access in all areas of its specialty food stores. Defendant Distributors Corp's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Martinez Distributors store located at 7379 NW 31st Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a specialty food store open to the public, Defendant Investment Group is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On

information and belief, as an investor and owner of a commercial property being used as a public accommodation, Defendant Investment Group is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, Defendant Investment Group's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Martinez Distributors store located at 7379 NW 31st Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation

has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Martinez Distributors store at 7379 NW 31st Street in order to purchase groceries, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met impediments to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Distributors Corp (operator of the Martinez Distributors store at 7379 NW 31st Street) and Defendant Investment Group (the owner of the commercial property housing that store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the specialty food store, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Martinez Distributors store located at 7379 NW 31st Street.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Investment Group is leased to Defendant Distributors Corp who operates its Martinez Distributors store from that location. This commercial space is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting the vehicle, as the designated accessible parking space is on an excessive slope. The fact that the accessible parking space is on an excessive slope is a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that parking space changes in level are not permitted. This is also a violation

of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the Martinez Distributors store due to the excessive slope of the accessible parking space is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and ADAAG Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

ii. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle and perambulating to the Martinez Distributors store because the accessible parking space does not have an access isle to allow for Plaintiff's wheelchair. This is a violation of Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards for Accessible Design which states that access aisles serving parking spaces shall comply with Figure 502.3 and have a width of 60 inches minimum (Section 502.3.1), shall extend the full length of the parking space (Section 502.3.2), shall be marked to discourage parking (Section 502.3.3), and shall not overlap (Section 502.3.4).

iii. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), the accessible parking space does not have an access isle that is marked which is in violation of Section 502.3.3 which states that access isles shall be marked (to discourage use as

additional parking spaces). Advisory 502.3.3 does not specify method and color of marking, and leaves this to State or local laws and regulations. Florida State FBC Fig 9, FDOT Index #17346 states that markings are to be blue and white and that the space between the blue and white line is 2" and that the access aisle is to be measured from the centerline of the white lines. In this instant case, there is no adequate marking of access isles at the accessible parking space.

iv. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), the parking lot does not provide compliant directional and informational signage to a compliant accessible parking space which is a violation of Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards for Accessible Design. Section 4.6.4 states that accessible parking spaces must be designated as reserved by a sign showing the symbol of accessibility (pursuant to Section 4.30.7), and that the sign must be located so that it cannot be obscured by a vehicle parked in that accessible space. Section 216.5 states that accessible parking spaces must be identified by signs complying with Section 502.6 which stats that the international symbol of accessibility must identify accessible parking spaces.

v. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within

      specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

vi.    As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

vii.    As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door is missing pull handles on both sides of the door near the latch.  This is in violation of Sections 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2 N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply

      with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

viii. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position or at the correct height above the finished floor, in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars.

ix. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can) which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60

inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

x.  As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

xi.  As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the rear grab bar being placed too close to the toilet water tank. The fact that the rear grab bar mounted is too close to the toilet water tank is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the wall and the grab bar shall be 1½ inches (38 mm) and the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum. This is also a violation of Section 4.26 which states that handrails must be accessible and is in violation of Section 4.26.2 Fig. 39 which delineates clearance under a grab bar must be 1¼ to 1 ½ inches (32 - 38 cm).

xii.  As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not use

        the lavatory mirror without assistance, as the lavatory mirror is mounted too high, in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

xiii. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines under the sink are not wrapped, therefore there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not wrapped.

xiv. As to Defendant Distributors Corp (lessee/operator) and Defendant Investment Group (owner/lessor of the property) (jointly and severally), Plaintiff could not use the hand dryer without assistance as the hand dryer is mounted in violation of ADAAG Section 4.2.5 which states that, if the clear floor space only allows forward approach to an object, the maximum high forward reach allowed shall be 48 in (1220 mm) (as in Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm). If the

high forward reach is over an obstruction, reach and clearances must comply with in Fig. 5(b), which is not attained in this instant case. This is also a violation 2010 ADAAG Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

28. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Martinez Distributors store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the specialty food store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Martinez Investment Group LLC (owner of the commercial property operated as a Martinez Distributors store) and Defendant Martinez Distributors Corp. (operator of that store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

      c)      The Court enter an Order requiring Defendants to alter the commercial property and Martinez Distributors store located at 7379 NW 31st Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)      The Court award reasonable costs and attorneys fees; and

      e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 30th day of March 2022.

      Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*